## THIRD DEPARTMENT, MARCH, 1969

### (March 10, 1969)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN STEVEN SZWALLA, Appellant.— COOKE, J. Appeal from a judgment of the County Court of Broome County, rendered November 3, 1966, upon a verdict convicting defendant of the crimes of burglary in the first degree, rape in the first degree, three counts, and carnal abuse of a child, a felony. There is no basis to disturb the determination that beyond a reasonable doubt defendant was advised properly of his constitutional rights, as required by *Miranda* v. *Arizona* (384 U. S. 436, 479), and that he voluntarily, intelligently and knowingly waived the same. Dr. Boldt testified that defendant was not legally insane on the day in question and that he diagnosed his problem as one of an emotionally unstable personality. Appellant contends prejudicial error was committed by this psychiatrist's testimony that a person, suffering from the personality deficiency he believed defendant to have, would be discharged upon institutionalization in a State hospital; it being urged that this evidence indicated to the jury that, if they found defendant guilty by reason of insanity, he would be committed to a mental institution and immediately released. When the proof is read in context, the baselessness of this claim becomes apparent, since Dr. Boldt was not referring specifically to defendant but to " [a]ny person, in general " with a particular mental problem and, furthermore, the whole thrust of this psychiatrist's testimony was that defendant was not insane. Had the jury believed defendant to have been insane, they would have rejected this whole line of testimony based on the assumption of defendant's sanity. It is argued also that it was improper to allow the testimony at trial of Dr. Burnett, a Binghamton State Hospital psychiatrist in charge of the treatment of patients there, who had examined defendant pursuant to section 658 of the Code of Criminal Procedure. Section 662 of said code makes the report inadmissible; it does not disqualify the medical witness (*People* v. *Butchino,* 13 A D 2d 183, 185) ; and there was no attempt here to place the existence or substance of the report of the psychiatrists before the jury directly or by indirection. This rebuttal witness was familiar with said hospital's records covering defendant's hospitalization about a year prior to the commission of the crimes charged, the defense having projected considerable attention towards the definition of psychiatric terms appearing therein. The testimony of two psychiatrists and other witnesses established a sufficient foundation for the jury's verdict. The claim of an inconsistent verdict based on the jury foreman's answer of "We find the defendant guilty ", when asked if defendant was found guilty of insanity or not, is frivolous since this response was clarified immediately and the verdict of guilty in respect to specific counts in the indictment was then confirmed by the poll of the jury. Judgment affirmed. Gibson, P. J., Herlihy, Reynolds and Cooke, JJ., concur in memorandum by Cooke, J.